FILED
JAMES BONINI
CLERK

2011 MAY 16 PM 1:40

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

**2:11 cv 421**

| | |
|---|---|
| **TRICIA STURGEON**<br>**151 West Street**<br>**Jackson, Ohio 45640** | : CASE NO.: _____<br>:<br>:<br>: |
| | : |
| **Plaintiff,** | : **JUDGE SARGUS**<br>: |
| **v.** | : **JUDGE** |
| | : |
| **PENN CREDIT CORPORATION**<br>**916 South 14th Street,**<br>**Harrisburg, Pennsylvania 17104** | : **MAGISTRATE JUDGE DEAVERS**<br>:<br>:<br>: |
| **and** | : **COMPLAINT**<br>: |
| **JOHN AND JANE DOES 1-10** | :<br>: |
| **Defendants.** | : **A Trial by the Maximum Number of Jurors**<br>: **is hereby Demanded**<br>:<br>:<br>: |

Here comes Plaintiff Tricia Sturgeon, (hereinafter "Plaintiff" or "Sturgeon") and sets forth her *Complaint* against Penn Credit Corporation (hereinafter "Penn") and Defendants John and Jane Does 1 – 10 (Collectively "Defendants") as follows:

## JURISDICITON

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the invasions of Plaintiff's personal privacy by Defendant and its agents in their illegal efforts to collect a consumer debt.

2.      Jurisdiction is proper in the Court pursuant to 15 U.S.C. § 1692k(d)

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.      Plaintiff, Tricia Sturgeon (hereafter "Plaintiff"), is an adult individual whose residence is in Jackson, Ohio, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant, Penn Credit Corporation, is a Pennsylvania business entity with an address of 916 South 14th Street, Harrisburg, Pennsylvania 17104, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Defendants John and Jane Does 1 - 10 are the individual collectors for Penn but whose names are unknown. The Complaint will be amended to add their names when they are determined through discovery.

7.      At all times Penn acted by and/or through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A.      **The Debt**

8.      Plaintiff incurred a financial obligation (the "Debt") to an original creditor (the

"Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Penn for collection, or Penn was employed by the Creditor to collect the Debt.

11.     Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.      Penn Engages in Harassment and Abusive Tactics**

## FACTS

12.     Beginning in September 2010, Penn has placed as many as seven (7) calls a day to Plaintiff's residential telephone in an attempt to collect the Debt.

13.     Penn often placed calls in rapid succession of one another.

14.     Plaintiff has stated that she would like to pay the Debt however Penn has refused to accept Plaintiff's money orders.

15.     Penn uses rude and abusive language when speaking with Plaintiff.

16.     Penn has failed to send Plaintiff a "30-Day Validation Notice."

17.     In addition to the calls that Penn has placed to Plaintiff in an attempt to collect the Debt, they have placed several calls to Plaintiff in an attempt to reach other debtors.

3

**C.**     **Plaintiff Suffered Actual Damages**

18.     Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

19.     As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

20.     Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**(Violations of the Fair Debt Collections Practices Act)**
**(15 U.S.C. § 1692, et seq.)**

21.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.     Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

23.     Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

24.     Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

25.     Defendants failed to send Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

26.     Defendants failed to send Plaintiff a validation notice stating the name of the

4

original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

27.     Defendants failed to send Plaintiff a validation notice stating Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

28.     Defendants failed to send Plaintiff a validation notice informing Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

29.     Defendants failed to send Plaintiff a validation notice containing the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

30.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31.     Plaintiff is entitled to damages as a result of Defendants' violations.

### COUNT II
**(Violation of the Ohio Consumer Sales Practices Act ("OCSPA"))**
**(O.R.C. § 1345.01, *et seq.*)**
**(Against Defendant Penn only)**

32.     Plaintiff incorporates by reference all of the above paragraphs as if fully restated herein.

33.     Plaintiff is a "Consumer" as defined by O.R.C. § 1345.01(D).

34.     Penn is a "supplier" as defined by O.R.C. § 1345.01(C).

35.     At all relevant times Penn was engaged in a "consumer transactions" as "suppliers" as defined in O.R.C. § 1345.01(A).

36.     O.R.C. §1341.02 prohibits "suppliers" from using unfair or deceptive practices.

5

37.    O.R.C. §1341.03 prohibits "suppliers" from using unconscionable consumer sales acts or practices.

38.    Numerous Ohio Courts have held that a violation of the FDCPA is also a violation of the OCSPA.

39.    Defendants' debt collection actions as more fully described in the preceding paragraphs violate the OCSPA.

40.    Defendants' acts were reckless, willful, intentional, and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendants is subject to punitive damages.

41.    Defendants' acts and omissions, when a duty to act was owed, constitute numerous and multiple violations of the OCSPA, including every one of the above-cited provisions and as such Plaintiff is entitled to damages.

### COUNT III
### (Invasion of Privacy by Intrusion upon Seclusion)

42.    Plaintiff incorporates by reference all the above paragraphs of this complaint as if fully restated herein.

43.    The *Restatement of Torts, Second*, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes...upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

44.    Ohio recognizes Plaintiff's right to be free from invasions of privacy, thus Defendants violated Ohio law.

45.    Defendants intentionally intruded upon Plaintiff's right to privacy by continually

6

harassing Plaintiff with frequent telephone calls.

46.     The telephone calls made by Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the *Restatement of Torts, Second*, § 652(b) requirement for an invasion of privacy.

47.     The conduct of Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

48.     As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

49.     Defendants' acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants and the following damages:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.R.C. § 1345.09(A) against Defendants;

2.  Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendants;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and O.R.C. § 1345.09(F)(1) against Defendants;

4. Three times the amount of Plaintiff's actual damages or two hundred dollars, whichever is greater, pursuant to O.R.C. § 1345.09(B);

5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

6. Punitive damage;

7. Statutory interest; and

8. Such other and further relief as this Court may determine to be just and proper.

Dated: <u>May 3, 2011</u>

Respectfully submitted,

By: /s/

Brian T. McElroy, Esq. (0073930)
MCELROY LAW, LLC
1991 Crocker Road
Gemini I, Suite 600
Westlake, Ohio 44145
Phone: (440) 892-3334
Fax:    (440) 892-3336
Email: btm@McElroyLawllc.com

<u>Co-Counsel with:</u>

LEMBERG & ASSOCIATES, L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666

**Attorneys for Plaintiff Tricia Sturgeon**

8

## **JURY DEMAND**

Plaintiff hereby makes a demand for trial by the maximum number of jurors allowed by law, on all triable issues.

Brian T. McElroy (0073930)

9